**Wilfred M. BATES, Plaintiff-Appellee,**

v.

**John D. JACKSON, Defendant-Appellant.**

Supreme Court of Tennessee.

Oct. 12, 1982.

Robert M. Johnson, J. Richard Buchigna-
ni, Memphis, for defendant-appellant.

Frierson M. Graves, Jr., Memphis, for
plaintiff-appellee.

BROCK, Justice.

This is an action for personal injuries
arising out of an automobile collision. The
jury found in favor of the plaintiff and
awarded to him the sum of $1,350.00, repre-
senting damage to his automobile, and dam-
ages for personal injuries in the amount of
$85,200.00. On motion for a new trial, the
trial judge remitted the property damages
to the sum of $480.63, being the amount
stipulated by the parties as the damage to
the plaintiff's automobile that remained
owing, the defendant having already paid a
considerable sum toward defraying such
damages; the trial judge also remitted the
personal injury damages from $85,200.00 to
the sum of $50,000.00. The plaintiff accept-
ed both elements of the remittitur under
protest and appealed to the Court of Ap-
peals. The Court of Appeals affirmed the
remittitur of property damages but re-
versed the remittitur of personal injury
damages and restored the original verdict
of $85,200.00 for personal injury damages.
The defendant has appealed to this Court,
asserting that the Court of Appeals erred in
restoring the remitted personal injury dam-
ages.

Our remittitur statute is as follows:

"(a) In all jury trials had in civil actions,
after the verdict has been rendered, and
on motion for a new trial, when the trial
judge is of the opinion that the verdict in
favor of a party should be reduced, and a
remittitur is suggested by him on that
account, with the proviso that in case the
party in whose favor the verdict has been
rendered refuses to make the remittitur a
new trial will be awarded, the party in
whose favor such verdict has been ren-
dered may make such remittitur under
protest, and appeal from the action of the
trial judge to the Court of Appeals.

(b) If, in the opinion of said Court of
Appeals, the verdict of the jury should
not have been reduced, but the judgment
of the trial court is correct in other re-
spects, the case shall be reversed to that
extent, and judgment shall be rendered in
the Court of Appeals for the full amount
originally awarded by the jury in the trial
court." T.C.A., § 20–10–102.

Recently, we said, in *Smith v. Shelton,*
Tenn., 569 S.W.2d 421 (1978), that

"... appellate review of a trial judge's
actions in making use of remittitur or
additur resolves into a determination of
whether or not the jury verdict is within
the range of reasonableness established
by the credible proof. The upper and
lower limits of that range must be deter-
mined by a reasoned examination of the
credible proof of damages and all factors
that have bearing upon the amount of
recovery .... Throughout the review,
the jury's determination should be given
primary weight and the trial judge's sec-
ondary weight.

"If it is determined that the jury's verdict
is within the range of reasonableness or
that both the jury's and the trial judge's
awards are within that range, the appel-
late court must restore the jury verdict.
If only the trial judge's award is within
the range, it must be affirmed. If nei-
ther are within the range of reasonable-
ness, the Court of Appeals should make
appropriate use of remittitur and render
judgment within the range of reasonable-
ness based upon the credible proof of
damages." 569 S.W.2d at 427.

Later, in *Foster v. Amcon Intern., Inc.,*
Tenn., 621 S.W.2d 142 (1981) we described
the criterion for appellate review of a trial
judge's remittitur as follows:

"Henceforth the standard of appellate re-
view will be simply to ascertain whether
the trial judge's actions in increasing or
decreasing a verdict were justified, giv-

ing due credit to the jury's decision on the credibility of the witnesses and that of the trial judge in his capacity as thirteenth juror." 621 S.W.2d at 145.

Moreover, *Foster, supra,* modified the instruction of *Shelton, supra,* as follows:

"We therefore modify *Shelton* to the extent that trial judges may suggest adjustments when the jury verdict is within the range of reasonableness, as an alternative to the practice of granting a new trial, if they are *of the opinion that the jury verdict is not adequate.* T.C.A. § 20–10–101. *See also,* T.C.A., § 20–10–102. In so holding, we do not intend to in any way alter our position that in personal injury cases the amount of compensation is primarily for the jury, and next to the jury, the most competent person to pass on the matter is the trial judge." [Emphasis in original.] 621 S.W.2d at 147.

Although the Court in *Foster* was dealing with an additur, the reference to T.C.A., § 20–10–102, in the quoted excerpt shows that what was there said applies equally to review of remittiturs of verdicts found to be within the range of reasonableness.

In suggesting the remittitur of damages for personal injuries in this case, the trial judge made clear his opinion that the verdict of $85,200.00 for personal injury damages exceeded the upper limit of the range of reasonableness established by the credible proof in this case. However, the Court of Appeals in restoring the remitted damages, concluded that both the $50,000.00 remitted verdict and the $85,200.00 verdict of the jury were within the range of reasonableness established by the credible proof. In reaching this conclusion the Court of Appeals noted:

"Plaintiff's medical expenses were $4,979.34 with the largest bill ($4,582.00) being for continuing treatment by an osteopath. The medical testimony as to the percentage of permanent disability ranged from zero percent (orthopedic surgeon) to 10 to 15 percent (orthopedic surgeon) to 60 or more percent (osteopath).

Prior to his injury plaintiff worked as a college industrial arts teacher. After the injury plaintiff complained of total disability and inability to return to the teaching profession. The contested issue below was the actual extent of plaintiff's back injury. Defendant sought to show that plaintiff had exaggerated his injury, was not injured as badly as plaintiff alleged and had not made adequate efforts to speed recovery....

"It should be noted that this case is not one where injuries are undisputed yet their monetary value is contested. Here we have a case where both the existence of the injuries and their monetary value are highly disputed.

\* \* \* \* \* \*

"As far as we are able to tell from a cold record, the plaintiff's proof is just as credible as the defendants', that is to say, reasonable men could believe either version. It is our understanding of the holding of *Smith v. Shelton, supra,* that when such is the case, we are bound to reinstate the jury verdict. Accordingly, we are constrained to set aside the remittitur and reinstate the jury verdict as to personal injuries."

■ Our review of the evidence results in our conclusion that the Court of Appeals was correct in concluding that both the verdict of $85,200.00 and the remitted judgment of $50,000.00 are within the range of reasonableness established by the credible proof in this case. However, it does not follow that the Court of Appeals was bound to restore the award made by the jury. Although that award was within the range of reasonableness, the appellate court should have determined from a review of the evidence "whether the trial judge's [action] in ... decreasing the verdict [was] justified, giving due credit to the jury's decision on the credibility of the witnesses and that of the trial judge in his capacity as thirteenth juror." *See, Foster, supra,* 621 S.W.2d at 145; T.C.A., § 20–10–102(b).

The Court of Appeals is not to be faulted in this respect, however, because it was following the instruction of *Shelton* without the modification of *Shelton* made by *Foster* which had not been released at the time the Court of Appeals decided this case.

Our own review of the record convinces us that the action of the trial judge in suggesting the remittur was justified in his capacity as thirteenth juror. The judgment of the Court of Appeals is, therefore, reversed and that of the trial court is affirmed. Costs incurred on appeal are taxed against the plaintiff and surety.

COOPER, HARBISON and DROWOTA, JJ., concur.

FONES, C. J., not participating.