Tommy Dean OWEN, Cherie Renee White, A Minor, by Mother and Next Friend, Debra Y. WHITE, and Debra Y. White, Individually, Plaintiffs-Appellees,

v.

Edward C. LOCKE, Executor of the Estate of Mary E. Wortham, deceased, Defendant-Appellant.

Court of Appeals of Tennessee, Western Section, at Jackson.

Feb. 24, 1983.

Application for Permission to Appeal Denied by Supreme Court April 25, 1983.

John R. Cannon and Hunter K. Cochran, Jr., Memphis, for defendant-appellant.

Walter Buford, Memphis, for plaintiffs-appellees.

CRAWFORD, Judge.

These are actions for personal injuries arising out of an automobile collision. The jury found in favor of the three plaintiffs, but in this appeal we are only concerned with two of the plaintiffs, Tommy Dean Owen and Cherie Renee White, the passengers in the vehicle driven by the third plaintiff, Debra Y. White. The jury awarded Owen damages in the amount of $26,325 and Cherie Renee White damages in the amount of $4,252.37. On the plaintiffs' "Motion for New Trial or in the Alternative an Additur," the trial judge increased the

Owen verdict to $40,000 and the White verdict to $20,000 pursuant to Tenn.Code Ann. § 20–10–101 (1980). Defendant accepted both additurs under protest and appealed under Tenn.Code Ann. § 20–10–101(b)(1) (1980). The only issue as to each plaintiff concerns the amount of damages.

At the time of the accident, plaintiff Owen was 21 years of age, and he was a passenger riding on the right front seat of the automobile driven by Debra Y. White. Debra White is the mother of 8-year old Cherie Renee White, who was asleep on the rear seat of the automobile when the collision occurred.

In his instructions to the jury, the trial judge gave the standard charge that remote contributory negligence could allow a diminution of damages in relation to the extent of remote contributory negligence. The judge also charged the jury on the duty of a passenger as to contributory negligence. These instructions were given only as they applied to the Owen case and did not apply to the case of Cherie Renee White.

■ The amount of compensation in a personal injury case is primarily for the jury, and next to the jury, the most competent person to pass on the matter is the trial judge who presided at the trial and heard the evidence. *Foster v. Amcon International, Inc.*, 621 S.W.2d 142, 143 (Tenn. 1981); *Smith v. Shelton*, 569 S.W.2d 421, 427 (Tenn.1978).

■ As regards the question of additur, the standard of appellate review is to ascertain whether the trial judge's action in increasing a verdict was justified, giving due credit to the jury's decision on the credibility of the witnesses and that of the trial judge in his capacity as 13th juror. *Foster v. Amcon International, Inc., supra* at 145; *Bates v. Jackson*, 639 S.W.2d 925 (Tenn.1982).

## I.

We first consider the case of Tommy Dean Owen. The proof showed that prior to the accident Owen was 21 years of age, that he was in good health, and that he was gainfully employed with Tennessee Electroplating at Ripley, Tennessee. In addition, he had prospects of becoming a truck driver, where his earnings would substantially increase. His take-home pay at the time of the accident was approximately $160 to $170 per week. The injuries sustained by Owen were a laceration over the right eyebrow, loss of a tooth, cut on the lower lip, multiple abrasions on the face, arms and legs, fracture of the right femur, and a small puncture wound from a bone. He was admitted to the hospital and was placed in traction. He had two operations to install a bone plate and pin, and he remained in the hospital for a total of 58 days. His hospital bill alone was in excess of $11,000, and he was required to be in a cast for several months. He faces the prospects of an additional operation to remove the plate and pin, and the resulting charges should be in the neighborhood of $1,500 for this procedure. While he has been able to return to work, he sustained a 10% permanent partial impairment of his right lower extremity. He also claimed wage loss of approximately $5,000 for the time lost from his employment.

■ Owen sustained a severe, painful and debilitating injury. A competent orthopedic surgeon testified as to the nature and extent of his injuries as well as to the expensive, prolonged and painful nature of the treatment. The extreme discomfort of lying in a hospital bed, enmeshed in a leg traction device with holes punched into his limbs, warrants, in and of itself, substantial damages for pain and suffering. The actual monetary losses of this plaintiff were quite high as evidenced by his medical bill exhibits and by his own testimony concerning his wage losses. It does not appear that the credibility of Owen or any of his witnesses was seriously put in issue. We feel that the trial judge's action in increasing the verdict as to Owen was justified, giving due credit to the jury's decision on the credibility of the witnesses and to the judge's decision in his capacity as 13th juror.

While the trial judge commented that in his opinion he had erred in charging the jury in the Owen case concerning remote contributory negligence, and it appears that the trial judge perhaps was attempting to correct his error by adding to the jury verdict, we must bear in mind that the defendant had the right to a new trial. Tenn.Code Ann. § 20–10–101(a)(2) (1980). Instead of agreeing to a new trial, defendant opted to accept the proposed additur and appeal. Defendant has not contended that a new trial should be granted because of the trial court's statement concerning an alleged erroneous charge, and, obviously, defendant could have had a new trial for the asking. With this in mind, it seems only proper with this court's approval of the action of the trial court as to this plaintiff, we should not consider an issue not raised by the defendant. The spirit of the practice of using additurs demands that a new trial with its expense and delay be avoided if possible. *See Foster v. Amcon International, Inc., supra* at 147.

## II.

We now consider the case of Cherie Renee White. Eight year old Cherie was riding as a passenger in the rear seat of the automobile driven by her mother and in which Owen was a passenger. She was asleep at the time of the collision. Her injuries were diagnosed principally as fracture of the left femur. She was treated with skeletal traction from the date of the accident, December 7, 1979, to January 15, 1980. She was then placed in a cast brace, given crutches and was discharged from the hospital after about a 2-month stay. The cast was removed some 12 days after her discharge from the hospital. During the time of her hospital confinement and subsequent thereto, she experienced pain of various dimensions. She underwent physical therapy to rehabilitate her left lower extremity, and her medical bills were in excess of $11,000, which amount was included in the award made to her mother and is not involved in this appeal. She suffered a ½ inch shortening of the left leg, but she was expected to out-grow this condition. There was also evidence that she still complains of cramping, has trouble walking, cannot run as she used to, and has a peculiar gait which has subjected her to ridicule from her schoolmates.

This little 8-year old girl sustained a very painful injury involving a break to the large bone of the leg. The very nature of the injury requires a prolonged and painful treatment, beginning with the traction and immobility required for an extended period of time. After the traction, there is a period of time during which she is required to wear a cast followed then by the rehabilitative process, all of which is quite painful and discomforting. The medical expenses, which are not involved in this case except to reflect upon the seriousness of the injury, were quite large. The credibility of Cherie apparently was not an issue in any respect, although perhaps there was some issue as to the credibility of her mother who testified concerning the present effect of the injury. The medical proof on behalf of Cherie was certainly unimpeached and of the highest quality. We feel that the trial judge's action in increasing the jury's verdict was justified, giving due credit to the jury's decision on the credibility of the witnesses and to that of the trial judge in his capacity as 13th juror.

For the reasons heretofore set out we affirm the judgment of the trial court and remand the case for such further proceedings as necessary. The costs of the cause are adjudged against the appellant for which execution may issue if necessary.

NEARN, P.J., and TOMLIN, J., concur.